UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 8 2004

Michael N. Milby
Clerk of Court

RAFAEL RODRIGUEZ-BARAJAS, )
)
v. )
) B-04- 10
A.G. WINFREY, Interim Field Office )
Director, DHS HLG/DO, and )
THE UNITED STATES OF AMERICA. )
_____ )

### PETITION FOR WRIT OF HABEAS CORPUS

Rafael Rodriguez-Barajas, by and through the undersigned, files the instant Petition for Writ of Habeas Corpus, under 28 U.S.C. §2241, and *INS v. St. Cyr,* 121 S.Ct. 2271 (2001).

### I.   JURISDICTION AND VENUE

1.  Petitioner Rafael Rodriguez is under an administratively final order of removal, (Petitioner's Exhibit A, incorporated by reference), which order places significant restrictions on his liberty not shared by the populace at large, within the meaning of *Jones v. Cunningham,* 371 U.S. 236,240 (1963).

2.  Respondent Winfrey maintains offices, and Petitioner's removal proceedings were conducted, in Harlingen, Texas.

### II.   THE PARTIES

3.  Rafael Rodriguez is a 34 year old native and citizen of Mexico. He has resided in the United States since at least December 31, 1981.  He became a temporary resident of the United States in or about 1988, and a permanent resident on December 1, 1990.  He has resided continuously in this country since then. His wife is also a lawful permanent resident.  The couple has two children, ages nine and seven, both born in the United States.  If he were deported, and his LPR wife had to accompany him to live in Mexico, it could also cause her to lose his LPR status.

4.  A.G. Winfrey is sued in her official capacity as Interim Field Office Director HLG/DRO, of the Department of Homeland Security.

### III.  THE FACTS

5.  On or about May 29, 1998, on his plea of guilty, Mr. Rodriguez was granted deferred adjudication, and placed under probation, in connection with a charge of (simple) possession of marijuana, committed on or about August 24, 1997.  At the time of his plea, he relied on the fact that this disposition brought her under the policy exception articulated in *Matter of Manrique,* 21 I&N Dec. 58 (BIA 1995), based on an analogy to the Federal First Offender Act, ("FFOA" 18 U.S.C. §3607), and did not cause him to be deportable.

6.  Further, simple possession of marijuana was not then considered an aggravated felony, so that even if he had been deportable, she would have been eligible for cancellation of removal, under 8 U.S.C. §1229b(a). *See, Matter of L-G-,* 21 I&N Dec. 89 (BIA 1995).

7.  Because this disposition did not cause him to be deportable, he was not placed under proceedings at that time.  On information and belief, Mr. Rodriguez asserts that a significant number of long-term LPRs who were otherwise similarly situated, in that during the same general time frame, they pled guilty to offenses involving simple possession of controlled substances, but whose guilt **was** adjudicated, and who therefore did not fall within the policy exception of *Matter of Manrique, supra,* were timely placed in removal proceedings, and were granted cancellation of removal. *See, e.g.,* Respondent's Exhibit B, incorporated by reference.

8.  On December 4, 1997, the Fifth Circuit decided *U.S. v. Hinojosa-Lopez,* 130 F.3d 691 (5th Cir. 1997), holding that for purposes of the Sentencing Guidelines, a state felony for simple

drug possession constitutes an "aggravated felony."

9.    On December 10, 1999, the BIA reiterated its stance that, notwithstanding *Hinojosa-Lopez,* simple possession of marijuana would not be considered an aggravated felony for immigration purposes, regardless of the manner in which it was treated by the state authorities.    *Matter of K-V-D-,* 22 I&N Dec. 1163 (BIA 1999).

10.    On March 21, 2001, Respondents issued a Notice to Appear, alleging that Mr. Rodriguez was deportable for having been convicted of a controlled substance offense.

11.    At his hearing, Mr. Rodriguez conceded that he had been "convicted" of the offense, and that he was deportable for conviction of an offense relating to a controlled substance, and applied for relief, both in under prior 212(c) of the Act, and in the form of cancellation of remova..

12.    While Mr. Rodriguez's case was pending with the Immigration Judge, there were several significant developments in the law.    On May 11, 2001, the Fifth Circuit decided *U.S. v. Hernandez-Avalos,* 251 F.3d. 505 (5th Cir. 2001), which, in strongly worded *dicta,* disapproved of *Matter of K-V-D-*.    And although the pertinent language in *Hernandez-Avalos* was, indeed, *dicta,* the Board has followed this conclusion for cases arising within this judicial Circuit.    On February 8, 2002, in *Gerbier v. Holmes,* 280 F.3d. 297 (3rd Cir. 2002), the Third Circuit joined the Second Circuit, [1] in holding that a state felony conviction for the offense of simple possession of a controlled substance is **not** an aggravated felony for immigration purposes.    On February 14, 2002, the BIA issued

---

[1]    *Aguirre v. INS,* 79 F.3d 315 (2d Cir. 1996).

*Matter of Salazar,* Int. Dec. 3462 (BIA 2002). The Board declined therein to follow *Lujan-Armendariz* outside of the Ninth Circuit, and held that, in light of *Hernandez-Avalos,* it would not apply *Matter of K-V-D-* in the Fifth Circuit.

13.   On October 29, 2002, the Immigration Judge ordered Mr. Rodriguez removed, finding him ineligible for any form of relief. He timely appealed to the BIA, which, on December 2, 2003, dismissed his appeal, for failure of prior counsel to file a brief in support thereof. (Exhibit A). [2]

14. Under *Matter of Salazar-Regino,* otherwise similarly situated LPRs whose cases arose within the Ninth Circuit are not considered to be subject to removal, and those whose cases arose anywhere except the Fifth Circuit, continue to be eligible for relief from removal, in the form of cancellation of removal. [3]

15.   Given his lengthy residence in the United States, strong family ties, employment history, and otherwise clean record, it is highly likely that Mr. Rodriguez would have earned cancellation of removal, had he received the opportunity to apply for said form of discretionary relief.

---

   [2] Since the only defenses available are constitutional issues, which are beyond the ken of the BIA, and questions which had recently been decided by the BIA, adversely to Mr. Rodriguez, filing a brief would have been pointless.

   [3]   To the best of the knowledge and belief of the undersigned, *Gerbier* and *Aguirre* are the only published circuit court cases addressing the issue of whether simple possession is an aggravated felony in the context of the review of an order of removal or deportation, and other than the Fifth Circuit in *Hernandez-Avalos* no other circuit court has explicitly rejected *Matter of K-V-D-.*

## V.   THE CAUSES OF ACTION

Petitioner asserts that the deprivation of liberty complained of herein violates the laws and Constitution of the United States, as well as international law and treaty obligations with his native country of Mexico, which claims are cognizable in habeas corpus under 28 U.S.C. §2241.

### 1.   STATUTORY CONSTRUCTION
### a.   AGGRAVATED FELONY

Mr. Rodriguez first urges that the Board erred as a matter of law in its conclusion that *U.S. v. Avalos-Hernandez, supra,* controls the resolution of the question of whether her deferred adjudication disposition constitutes an aggravated felony.  The language therein disapproving of *Matter of K-V-D-* was clearly *dicta,* and the Board should not have applied it to Mr. Rodriguez.  To the contrary, Mr. Rodriguez asserts that the Board correctly decided *Matter of K-V-D-* and that it erred in not applying said decision herein.

### b.   *MATTER OF ROLDAN, SUPRA.*

Mr. Rodriguez also urges that, as a question of law, *Matter of Roldan,* I.D. No. 3377 (BIA 1999), holding that *Manrique* had been superceded by 8 U.S.C. §1101(a)(48)(A), was incorrectly decided, and that §1101(a)(48)(A) was not intended to, and did not, legislatively overrule *Matter of Manrique, supra. See,* Dissenting Opinion by Board Member Lory Rosenberg, in which Board Members Villageliu, and Espenoza, joined.  (23 I&N Dec. at 237-251).  *See also,* Dissenting Opinion of Board Member Anthony Moscato, in which Board Member Villageliu, joined.  (*Id.,* 23 I&N Dec. at 251-252).

### 2.   EQUAL PROTECTION
### a.   FEDERAL FIRST OFFENDER ACT

Mr. Rodriguez next asserts that, for the reasons set forth in

*Lujan-Armendariz, supra*, it violates Equal Protection for a determination of whether a given disposition of criminal charges for simple possession of a controlled substance renders an immigrant subject to deportation to be based solely on whether the immigrant was processed in state, or federal, court.

**b.  DIFFERING RESULTS IN DIFFERENT JURISDICTIONS**

Mr. Rodriguez also asserts that, given the national character of immigration law, it violates Equal Protection for the result of her case to depend solely on the federal jurisdiction in which it arose, such that, had she been placed in removal proceedings within the Ninth, rather than the Fifth Circuit, she would not be subject to removal at all, and that, had she been placed in such proceedings in any jurisdiction other than the Fifth, and most particularly, within the Third Circuit, she would have been held to qualify for cancellation of removal, which relief, she urges, she would have earned in the exercise of discretion.

**c.  DIFFERING RESULTS BASED ON TIMING OF THE PROCEEDINGS**

Had Mr. Rodriguez's case been heard between March 3, 1999, and May 11, 2001, (after *Matter of Roldan*, and before *Hernandez-Avalos*), she would have been subject to removal but eligible for relief, which she would have most probably earned in the exercise of discretion.  It violates Equal Protection for the difference between remaining in the U.S. as a lawful permanent resident, and being removed, and permanently barred from returning lawfully, to be based solely on the timing of the proceedings.  This violation is particularly egregious because it is the very fact that the deferred adjudication disposition did not, at that time, render him subject to removal, that caused the delay.  Therefore, otherwise similarly situated LPRs who were *not* granted rehabilitative treatment, and whose guilt was adjudicated, received, in the end,

6

more favorable treatment in the immigration context, because they were placed in proceedings at a time when the law still permitted them to be granted cancellation of removal.

### 3. SUBSTANTIVE DUE PROCESS

As a permanent resident, Mr. Rodriguez has a fundamental liberty interest in being able to live and work in the United States, and in remaining here with his family. *See,* Dissenting Opinion of Board Member Rosenberg, *supra* at 238. *See also, Landon v. Plasencia,* 459 U.S. 21,34 (1982), citing *Bridges v. Wixon,* 326 U.S.  326 U.S. 135,154 (1945); *Moore v. City of East Cleveland*, 431 U.S. 494,499 (1977), and *Stanley v. Illinois*, 405 U.S. 645, 651 (1972):

> Plasencia's interest here is, without question, a weighty one.  She stands to lose the right "to stay and live and work in this land of freedom," ... Further, she may lose the right to rejoin her immediate family, a right that ranks high among the interests of the individual. ...

*Moore* and *Stanley* are both fundamental rights cases, involving family relationships. *Stanley* struck down a conclusive presumption, similar to that involved herein, and *Moore* simply concluded that the interest advanced by the State was insufficient to justify the particular intrusion into the family unit.  As a lawful permanent resident, Mr. Rodriguez enjoys the same Due Process rights, including substantive Due Process rights, to develop and enjoy intimate family relationships in the United States.

Mr. Rodriguez asserts that the combination of provisions enacted by IIRIRA, 8 U.S.C. §1101(a)(48)(A), together with the repeal of §212(c) of the Act, and its replacement with 8 U.S.C. §1229b(a), which contains an absolute prohibition on granting discretionary relief to anyone convicted of an "aggravated felony," and the overly expansive definition of what constitute such "aggravated

felonies," constitutes an unconstitutional "conclusive presumption" that all LPRs who have been convicted of any offense in that list are unworthy of being able to stay with their families in the United States, even where the State has deemed it appropriate to grant rehabilitative treatment to a first time offender. Similarly, by failing to permit any showing of countervailing equities, these provisions are unjustifiable, as they are not sufficiently narrowly tailored to meet a compelling state interest.

### 4. PROCEDURAL DUE PROCESS

Mr. Rodriguez also asserts that the Board's decision deprives him of Procedural Due Process, as seen by another series of Supreme Court cases, involving "fair notice." To apply *Matter of Roldan* and *U.S. v. Hernandez-Avalos* to Mr. Rodriguez retroactively converts a disposition which, at the time of her plea bargain, carried no immigration consequences at all, into one which requires mandatory deportation. Although not "punishment" for a criminal offense, deportation has long been recognized as a "penalty." *See, Reno v. American-Arab Anti Discrimination Committee,* 525 U.S. 471, 497-98 (1999), Justice Ginsberg, concurring in Part I and the result:

> As this Court has long recognized, "[t]hat deportation is
> a penalty - at times a most serious one - cannot be
> doubted." *Bridges,* 326 U.S., at 154, 65 S.Ct. 1443; see
> also *ibid.* (Deportation places "the liberty of an
> individual ... at stake.... Though deportation is not
> technically a criminal proceeding, it visits a great
> hardship on the individual and deprives him of the right
> to stay and live and work in this land of freedom.")

Deportation then becomes an additional penalty, retroactively attached to the "criminal offense," not by any amendment to the statute, but by virtue of changed administrative and judicial interpretations thereof. This occurs even though, under state law, there is no conviction, and never will be one, since the Petitioner

has successfully completed his probation.

Therefore, §1101(a)(48)(A), as interpreted and applied herein, is unconstitutional in that it retroactively makes qualitative changes in the penalty imposed, in a wholly unexpected manner. *See,* Nancy Morawetz, "Rethinking Retroactive Deportation Laws and the Due Process Clause," NYU Law Rev., Vol 73, No. 1, April 1998.   *See also, Arce v. Walker*, 139 F.3d 329,333-34 (2nd Cir. 1998):

> [T]he Due Process Clause protects against restraints or conditions of confinement that "exceed[ ] the sentence in ... an unexpected manner." *Sandin,* 515 U.S. at 484, 115 S.Ct. at 2300; *see id.* at 479 n. 4, 115 S.Ct. at 2297 n. 4 (observing that proscribed conditions of confinement must be "qualitatively different from the punishment characteristically suffered by a person convicted of crime, and [have] stigmatizing consequences." (citation and internal quotation marks omitted)); *see, e.g., Vitek v. Jones,* 445 U.S. 480, 493, 100 S.Ct. 1254, 1264, 63 L.Ed.2d 552 (1980) (holding that "involuntary commitment to a mental hospital is not within the range of conditions of confinement to which a prison sentence subjects an individual"); *Washington v. Harper,* 494 U.S. 210, 221-22, 110 S.Ct. 1028, 1036-37, 108 L.Ed.2d 178 (1990) (holding that inmate has a liberty interest under the Due Process Clause to refuse the involuntary administration of psychotropic drugs).

These protections exist even though deportation is a civil penalty, rather than criminal punishment, is involved.  As the Supreme Court recently held in *BMW of North America v. Gore*, 517 U.S. 559,574 (1996) (footnote 22 in original):

> Elementary notions of fairness enshrined in this Court's constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose. FN22

FN22. See *Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (*Ex Post Facto* Clause violated by retroactive imposition of revised sentencing guidelines that provided longer sentence for defendant's crime); *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964) (retroactive application of new construction of statute violated due process); *id.,* at 350-355, 84 S.Ct., at 1701-1703 (citing cases); *Lankford v. Idaho,* 500 U.S. 110, 111 S.Ct. 1723, 114 L.Ed.2d 173 (1991) (due process violated because defendant and his counsel did not have adequate notice that judge might impose death sentence). The strict constitutional safeguards afforded to criminal defendants are not applicable to civil cases, but the basic protection against "judgments without notice" afforded by the Due Process Clause, *Shaffer v. Heitner,* 433 U.S. 186, 217, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977) (STEVENS, J., concurring in judgment), is implicated by civil *penalties.*

For a lawful permanent resident such as Mr. Rodriguez, there can be not question but that deportation is a "civil penalt[y]" imposed as a result of his criminal "conviction" for possession of marijuana. It therefore violates Due Process as a retroactive application of new construction of a statute, as in *Bouie v. City of Columbia, supra,* and because it imposes a "civil penalt[y]" without prior notice, as in *Shaffer v. Heitner, supra.* And, as in *BNW of North America v. Gore, supra,* it confounds the "[e]lementary notions of fairness enshrined in this Court's constitutional jurisprudence" which "dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose." [4]

---

[4] This is very similar to, and is reinforced by, the "void for vagueness" analysis of *Jordan v. DeGeorge*, 341 U.S. 223,231 (1951) (statute relating to deportation would be tested under "void for vagueness" doctrine, notwithstanding that statute was not criminal statute, in view of grave nature of deportation).

## 5.  INTERNATIONAL LAW AND TREATY OBLIGATIONS

Finally, Mr. Rodriguez urges that the instant order violates international law, and treaty obligations between the United States and Mexico, his country of origin.


Respectfully Submitted,

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID.  1178
Texas Bar 03052800

### VERIFICATION

I, Lisa S. Brodyaga, hereby certify that I am familiar with Petitioner's case and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.

### CERTIFICATE OF SERVICE

I, Lisa S. Brodyaga, certify that a courtesy copy of the foregoing, with exhibits, was mailed, first-class postage prepaid, to the office of Steven Schammel, AUSA, 1701 W. Business 83, #600, McAllen, Texas, Texas, 78501, this 28th day of January, 2004.

11

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**


| | |
|---|---|
| **RAFAEL RODRIGUEZ-BARAJAS,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **A.G. WINFREY, Interim Field Office** | ) |
| **Director, DHS HLG/DO, and** | ) |
| **THE UNITED STATES OF AMERICA.** | ) |
| ———————————————————— | ) |


**EXHIBIT "A" IN SUPPORT OF**

**PETITION FOR WRIT OF HABEAS CORPUS**

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:    A90-807-937 - HARLINGEN

Date:    DEC 02 2003

In re:  RODRIGUEZ-BARAJAS, RAFAEL

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Perez, Lionel, Esquire

ON BEHALF OF DHS:  Cheri L. Jones, Assistant District Counsel

ORDER:

PER CURIAM.  The appeal is dismissed.  The appellant checked Box 6 on the Notice of Appeal (Form EOIR-26) indicating that a separate written brief or statement would be filed in addition to the reasons for appeal accompanying the Notice of Appeal.  Block 6 is immediately followed by a clear warning that the appeal may be subject to summary dismissal if the appellant indicates that such a brief or statement will be filed and, "within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure."  The appellant was granted the opportunity to submit a brief or statement in support of the appeal.  However, the record indicates that the appellant did not properly file a brief or statement within the time set for filing.  8 C.F.R. § 1003.1(d)(2)(i)(E). Accordingly, we find that summary dismissal is appropriate pursuant to the provisions of 8 C.F.R. § 1003.1(d)(2)(i)(E).

FOR THE BOARD

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
HARLINGEN, TEXAS

File No.: A 90 807 937                      October 29, 2002

In the Matter of              )
                              )
RAFAEL RODRIGUEZ-BARAJAS      )     IN REMOVAL PROCEEDINGS
                              )
              Respondent      )

CHARGE:        Section 212(a)(2)(A)(i)(II) of the Immigration and
               Nationality Act - alien convicted of possession of
               a controlled substance.

APPLICATIONS:  Section 240A(a) of the Immigration and Nationality
               Act - cancellation of removal.

ON BEHALF OF RESPONDENT:          ON BEHALF OF SERVICE:

Leonel Perez                      Cheri Jones
5125 South McCall Road, Suite A   Assistant District Counsel
Brook, Texas 78539                Immigration and Naturalization
                                   Service
                                  P.O. Box 1711
                                  Harlingen, Texas 78551


ORAL DECISION OF THE IMMIGRATION JUDGE

The respondent, a lawful permanent resident of the United

States was placed in removal proceedings, with the issuance of a

Notice to Appear, dated March 21, 2001.  See Exhibit No. 1.

Exhibit 2 in the case indicates that the respondent was convicted

on May 29, 1998, for the offense of possession of marijuana, an

offense that occurred on August 24, 1997.  The offense, under

Texas law, is a third degree felony.  Based on the respondent's

admissions and the evidence submitted by the Government,

respondent's inadmissibility as a returning, whether an alien had resident has

1

NOV 2 1 2002

been established.

The respondent has filed an application for cancellation of removal, pursuant to Section 240A(a) of the Immigration and Nationality Act. In order to be eligible for such relief, the respondent must show that he had been a lawful permanent resident for five or more years, has been in the United States for seven continuous years, and whatever status admitted, and has not been convicted of an aggravated felony. The Court finds that the offense that he was convicted of is an aggravated felony. Thus, he is ineligible to seek relief under Section 240A(a). Therefore, the Court will pretermit the application without the necessity of hearing any further evidence on any equities that he may have. The respondent had designated Mexico for removal.

<u>ORDERS</u>

IT IS THE ORDER OF THE COURT that the request for relief, pursuant to Section 240A(a) is hereby denied, for the reason here and above stated.

IT IS THE ORDER OF THE COURT that the respondent be removed from the United States to his native country of Mexico.

DAVID AYALA
Immigration Judge

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


RAFAEL RODRIGUEZ-BARAJAS,              )
                                       )
v.                                     )
                                       )
A.G. WINFREY, Interim Field Office     )
   Director, DHS HLG/DO, and           )
THE UNITED STATES OF AMERICA.          )
_____    )


EXHIBIT "B" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS

IMMIGRATION COURT
201 E. JACKSON STREET
HARLINGEN, TX 78550

In the Matter of

Case No.: A36-754-033

ZAVALA-SERRATOS, JOSE ANGEL
      Respondent

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Mar 26, 2001.
This memorandum is solely for the convenience of the parties.  If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[ ]  The respondent was ordered removed from the United States to
                                    or in the alternative to
[ ]  Respondent's application for voluntary departure was denied and
     respondent was ordered removed to
     alternative to
[ ]  Respondent's application for voluntary departure was granted until
         upon posting a bond in the amount of $ _____
     with an alternate order of removal to
[ ]  Respondent's application for asylum was ( )granted ( )denied
     ( )withdrawn.
[ ]  Respondent's application for withholding of removal was ( )granted
     ( )denied ( )withdrawn.
[✓]  Respondent's application for cancellation of removal under section
     240A(a) was ( ✓ )granted ( )denied ( )withdrawn.
[ ]  Respondent's application for cancellation of removal was ( ) granted
     under section 240A(b)(1)    ( ) granted under section 240A(b)(2)
     ( ) denied ( ) withdrawn.  If granted, it was ordered that the
     respondent be issued all appropriate documents necessary to give
     effect to this order.
[ ]  Respondent's application for a waiver under section _____ of the INA was
     ( )granted ( )denied ( )withdrawn or ( )other.
[ ]  Respondent's application for adjustment of status under section _____
     of the INA was ( )granted ( )denied ( )withdrawn.  If granted, it
     was ordered that respondent be issued all appropriate documents necessary
     to give effect to this order.
[ ]  Respondent's status was rescinded under section 246.
[ ]  Respondent is admitted to the United States as a _____ until _____.
[ ]  As a condition of admission, respondent is to post a $ _____ bond.
[ ]  Respondent knowingly filed a frivolous asylum application after proper
     notice.
[ ]  Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.
[✓]  Proceedings were terminated.
[ ]  Other: _____
     Date: Mar 26, 2001
     Appeal: Waived/Reserved    Appeal Due By: Apr 25, 2001

                                        MARGARET BURKHART
                                        Immigration Judge

2001 APR -9 P 3:23

BOARD OF
IMMIGRATION APPEALS
OFFICE OF THE CLERK

RECEIVED
DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW

CIP

000088

CAUSE NO. 97-CR-351

DEC 1 5 1997

THE STATE OF TEXAS              *        IN THE DISTRICT COURT

VS.                             *        381ST JUDICIAL DISTRICT

JOSE ANGEL ZAVALA               *        STARR COUNTY, TEXAS

PROBATION JUDGMENT

BE IT REMEMBERED that on this the _____ day of
_____, 19 _____, the above numbered and
entitled cause was called for trial, and the State of
Texas appeared by her District Attorney, and the Defendant, JOSE ANGEL
ZAVALA, appeared in person and by his attorney, JOEL MADRIGAL, and
both parties announced ready for trial; and the Defendant and his
attorney, in open Court, in person and in writing waived his right
to trial by jury, and the District Attorney in writing and in open
Court consented and approved the waiver of trial by jury, all of
which waivers have been filed with the papers of this cause; and
it appearing to the Court that all prerequisites of the law for
waiving the right of trial by jury have been performed; therefore,
the Court hereby consents and approves the said Defendant's waiver
of the right to trial by jury and now enters the same in the
minutes of the Court.

WHEREUPON, the Defendant, having been indicted in the above
entitled and numbered cause for the felony offense of POSSESSION
OF COCAINE, after having , plead guilty to the charge contained in
the Indictment. Thereupon, the said Defendant was admonished by the
Court of the consequences of said plea, including the maximum and
minimum punishments, and the said Defendant persisted in entering
said plea; and it plainly appearing to the Court that the Defendant
is mentally competent and is uninfluenced in making his plea by any
consideration of fear, persuasion, or delusive hope of pardon,
parole, or probation prompting him to confess his guilt, the said
plea is accepted by the Court and is herenow entered of record upon
the minutes of the Court as the plea herein of the said Defendant.

WHEREUPON, the Defendant, having in open Court and in writing,
consented to waive the appearance, confrontation, and
cross-examination of witnesses and having further consented and
agreed to the stipulation of evidence and to the introduction of
testimony by affidavits, written statements of witnesses, and any
other documentary evidence in support of the accusation against
the Defendant and the judgment of the Court, the Court hereby in
writing consents and approves such waiver and orders that it be
filed with the papers in this cause.

WHEREUPON, the Defendant proceeded to trial before the Court
and the State proceeded to introduce evidence into the record of
this cause showing the guilt of the Defendant, said evidence being
accepted by the Court as the basis for its judgment, and the Court
having considered the Indictment, the Defendant's plea thereto, the

evidence submitted, and the argument of counsel thereon, found the Defendant guilty of the felony offense of POSSESSION OF COCAINE, which offense was committed on the 14th day of February, 1997, in Starr County, Texas, and assessed the punishment of confinement in a State jail facility for a term of Two (2) years;

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED by the Court that the Defendant, JOSE ANGEL ZAVALA, is guilty of the felony offense of POSSESSION OF COCAINE, as charged in the Indictment herein, and it is further adjudged by the Court that the Defendant be punished by confinement in a State jail for a term of Two (2) years, and that the State of Texas do have and recover of the said Defendant all costs of the prosecution expanded, for which execution shall issue.

WHEREUPON, the Defendant and his attorney, in open Court and in writing, waived the ten (10) days allowed by law for sentencing and requested the Court to pronounce sentence upon the Defendant at this time, said written waiver being approved by the Court and filed with the papers in this cause.

WHEREUPON, the Defendant having made application in due time and form for probation under the provisions of Article 42.12, Vernon's Texas Code of Criminal Procedure, on his conviction herein, and the Court, after hearing the evidence and argument of counsel on the question of punishment and after due consideration, is of the opinion and so finds, that the Defendant, has never been convicted of a felony in this or any other State, and is otherwise eligible for probation, and is further of the opinion, and so finds, that the ends of justice and the best interest of both the public and the Defendant will be served if the imposition of the sentence in this cause be suspended and the Defendant be placed on probation under the supervision of the Court.

IT IS THEREFORE ORDERED, by the Court that the imposition of the sentence in this cause be and the same is hereby suspended during good behavior of the Defendant, and that the Defendant, JOSE ANGEL ZAVALA, be and he is hereby placed on probation for a term of Five (5) years, beginning on this date under the supervision of the Court and the duly appointed and acting adult probation officer of Starr County, Texas, who is hereby appointed to supervise this probation, subject to the following terms and conditions of probation, viz:

That during the term of the probation, the Defendant, hereinafter referred to as "Probationer", shall:

1. Obey all orders of the Court and all rules and regulations of the Community Supervision and Corrections Department;

2. Commit no offense against the laws of this or any other State or of the United States;

3.  Avoid injurious or vicious habits including, but not limited to, the consumption of alcohol in any form, at any time, public fighting, disorderly conduct and the use of illegal or addictive drugs or controlled substances;

4.  Avoid places of disreputable or harmful character including, but not limited to, bars, taverns, beer joints, or any premises licensed by the State of Texas for the sale and consumption of alcoholic beverages, places where a criminal act is being committed, and places where dangerous drugs or controlled substances are illegally possessed, sold or used.

5.  Avoid persons of disreputable or harmful character including, but not limited to, persons who illegally possess, sell or use controlled substances or dangerous drugs, or persons previously convicted of a felony;

6.  Work faithfully at suitable employment in a lawful occupation or, if unemployed, actively seek employment;

7.  Support his dependents; if any, and obey any Court orders regarding payment of child support;

8.  Report to the probation officer at the Community Supervision and Corrections Department in Starr County, Texas or in any county to which the Defendant's supervision is transferred, between the 1st and 10th day of each month during the probationary period beginning in the month next following the entry of this judgment. If the Defendant is deported and does not re-enter or remain in the United States, he may report by mail;

9.  Give the probation officer his current physical and mailing address, place of employment and any other information requested by the probation officer in order to supervise the Probationer;

10.  Inform the probation officer, in person or by letter, of any arrest, or change in place of residence, marital status, or employment within five (5) days after such change;

11.  Permit the probation officer to visit Probationer at his home, place of employment, or elsewhere at any and all times in order to supervise the probation;

12.  Report to the probation officer upon request, the sources, nature and amounts of all income or money received by Probationer, including copies of all W-2 forms and income tax returns;

13.  Remain within Starr County, Texas, or any county to which Defendant's supervision has been transferred, unless he shall have first secured the written consent of this Court or the said probation officer for him to leave the said county. This

condition is waived if Defendant is deported and does not re-
enter or remain in the United States;

14. Observe a curfew and must be at home before 10:00 p.m.
each night, and shall not leave such home or place of
residence between 10:00 p.m. and 5:00 a.m. unless he has first
obtained permission from this Court or from his probation
officer;

15. Submit a copy of his fingerprints to the Sheriff's
Department of Starr County, Texas, or the Community
Supervision and Corrections Department;

16. Not purchase, possess, use, transport, or carry on or
about his person any firearm, illegal weapon, or any knife
with a blade longer than 3 1/2 inches.

17. Report to the county jail for N/A consecutive weekends,
beginning the N/A and remain there in custody each weekend,
from 6:00 p.m. Friday until 6:00 p.m. Sunday;

18. Pay all court costs INSTANTER. The Court orders the
Defendant to pay all court costs on or before the _____ day
of _____, 19_____.

19. Pay a supervisory probationary fee of $40.00 per month
to the probation office, between the 1st and 10th day of each
month during the probationary period. This condition is
waived if Defendant is deported and does not re-enter or
remain in the United States;

20. Make restitution to N/A in the sum of -0-, payable as
follows:   At the rate of N/A per month commencing on
N/A and continuing at the same rate until the full amount is
paid;

21. Pay a fine of $900.00, payable as follows:  At the rate
of $___/5.00___, per month, commencing on ___12/26/9?___ and
continuing at the same rate until the full amount is paid;

22. Reimburse the county for compensation paid to appointed
counsel for defending him in this case, in the amount
of_____ payable as follows:  At the rate of
_____ per month commencing on _____ and
continuing at the same rate until the full amount is paid;

23. File with the probation officer, at the probation office,
between the 1st and 10th day of every month next following a
default in any payment required of Probationer by this
judgment, a detailed statement, in writing and under oath, of
all income and expenses received and expended by the
Probationer during the entire month in which the default
occurred;

24. File with the probation officer, at the probation office, between the 1st and 10th day of every month next following a calendar month in which Probationer was gainfully employed less than 150 hours, a detailed statement, in writing and under oath, of all efforts made by Probationer to secure and hold employment during the entire month in which he was not gainfully employed 150 hours;

25. Submit to testing for control substances (urinalysis) at your own expense as directed by your Community Supervision and Corrections Officer.

26. Participate in the following community based or rehabilitation program, to-wit:_____.

27. If the Defendant is to be deported the Defendant shall not be required to report in person. If the Defendant returns to the United States under any circumstances he is ordered to report to the Starr County Probation Department immediately upon his return.

In addition to the above conditions of probation, Defendant is further ordered by the Court to abide by the following special conditions of probation checked below:

_____ 28. Defendant is assigned to intensive supervision for one (1) year or until the level of supervision is changed by the Court or the probation officer;

_XX_ 29. Attend counseling sessions for substance abusers in a program approved and licensed by the Texas Commission of Alcohol and Drug Abuse;

_____ 30. Participate in substance abuse treatment services in a program or facility approved and licensed by the Texas Commission of Alcohol and Drug Abuse;

_____ 31. Remain under custodial supervision in the following community based facility, to-wit: _____, obeying all rules and regulations of such facility, and paying a percentage of his income to the facility for room and board;

_____ 32. Participate in a program at the direction of the probation officer that teaches functional illiterate persons to read;

_XX_ 33. Obtain a General Equivalency Diploma (GED) within one (1) year from the date of this judgment;

_XX_ 34. Perform 175 hours of community service under the direction of the probation officer. In lieu of such community service, Defendant may make a donation to an approved charity or non-profit organization in

the amount of -0-.

_XX_ 35. Make reimbursement to the Texas Department of Public Safety for analysis and storage of controlled substances, in the amount of $140.00.

_XX_ 36. Make reimbursement to the Starr County Community Supervision and Corrections Department for the Pre-Sentence Investigation Report, in the amount of $50.00.

_____ 37. Pursuant to Article 42.12 C.C.P., Section 14, the Court finds: (1) this Defendant has been placed on community supervision under this Article; (2) the Defendant is charged with or convicted of a felony other than a felony under Sec. 21.01, 22.011, 22.021 or 25.06 of the Penal Code; and (3) the Court affirmatively finds that (a) drugs or alcohol abuse significantly contributed to the commission of the crime or violation of community supervision and (b) the Defendant is a suitable candidate for treatment, as determined by the suitability criteria established by the Texas Board of Criminal Justice under Section 493.009(b) of the Government Code.

As a condition of community supervision, the Defendant is required to serve a term of confinement and treatment in a substance abuse treatment facility under this section for a term of not less than 6 months or more than 1 year, and upon release the Defendant is required to participate in a drug or alcohol abuse continuum of care.

All payments required of the Probationer by this judgment shall be paid within the times specified, at the probation office to the probation officer, for which Probationer shall receive a receipt evidencing payment.

You are hereby advised that under the laws of this State, the Court shall determine the terms and conditions of your probation, and may at any time during the period of probation alter, or modify, the conditions of your probation. The Court also has the authority at any time during the period of your probation to revoke your probation for violation of any of the conditions set out above.

The District Clerk shall deliver to Probationer a copy of this judgment containing the terms and conditions of probation, and the date of delivery of such Order shall be noted on the Docket Sheet.

SIGNED AND ENTERED this the 1S day of _____, 19 __.

_____
JOHN A. POPE, III
DISTRICT JUDGE
381ST JUDICIAL DISTRICT COURT
STARR COUNTY, TEXAS

    I have received a copy of this Order and fully understand each
of the terms and conditions imposed.

DATE:_____        _____
                                            JOSE ANGEL ZAVALA
                                            PROBATIONER

    A certified copy of the Probation Judgment in this cause was
delivered to Probationer on the _____ day of _____
A.D. 19_____.

                                   _____
                                   DISTRICT CLERK

_____
RIGHT INDEX
RIGHT THUMBPRINT

                                        _____
                                        LEFT INDEX
                                        LEFT THUMBPRINT

**RECORDED IN VOLUME** J **PAGE:** 241-269

DATE 1-26-98
A true copy I certify
JUAN ERASMO SAENZ
District Clerk, Starr County, Texas
BY _____ Deputy